JOHN DEERE COMPANY OF BALTIMORE, Inc., Appellant, v. CERONE EQUIPMENT Co., Inc., Respondent.

Third Department, January 29, 1970.

*Whalen, McNamee, Creble & Nichols* (*Stephen Reynolds* of counsel), for appellant.

*Lombardi & Reinhard* (*William J. Rodgers* of counsel), for respondent.

REYNOLDS, J. This is an appeal from so much of an order and judgment of the Supreme Court, Albany County, granting appellant's motion for summary judgment as excluded therefrom the cost of the premium paid for an undertaking bond as a taxable disbursement.

Respondent, a heavy construction equipment dealer, obtained its inventory from the appellant pursuant to an arrangement whereby the appellant had a security interest in all of the equipment supplied to respondent by appellant. Subsequently respondent breached this agreement and pursuant thereto appellant sought to take possession of the secured equipment. Respondent resisted any effort to secure the voluntary release of the equipment and on March 21, 1968 appellant brought the instant action. On the same date a requisition was delivered to the Sheriff with an undertaking in an amount double the asserted value of the equipment held by the respondent. On August 23, 1968 appellant moved for summary judgment and included a proposed bill of costs and disbursements which included the $7,407 premium and $644 in other assorted expenses, including the cost of a guard posted during a portion of the pendency of the proceedings. Special Term granted summary judgment for appellant but rejected the bond premium as a taxable disbursement holding it could find no authority to permit such an allowance and the instant appeal ensued.

The bond premium involved is not specifically enumerated in CPLR 8301 (subd. [a]) as an allowable cost. However, pursuant to CPLR 8301 (subd. [a], par. 12): "such other reasonable and necessary expenses * * * are taxable according to the course and practice of the court, by express provision of law or by order of the court."

The question of the allowance of unenumerated items is thus directed to the courts and must depend on the particular circumstances involved as to each item alleged to be taxable. And the courts in deciding on "course and practice" are not bound by prior rejection of items as taxable disbursements because of a lack of statutory basis for taxation (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8301.24). Nor, of course, is it required that a standard usage be established as opposed to one that is premised on discretion. On the instant record it is clear that despite appellant's unquestionable right to possession of the items of equipment involved, respondent prevented peaceful repossession and rejected an opportunity to satisfy his obligation by paying over the amount due, thereby forestalling any repossession. In addition respondent interposed no defense in the action that could be denominated in the slightest as meritorious as witnessed by Special Term's granting of summary judgment in favor of appellant. And appellant was required under CPLR 7102 to provide an undertaking to regain possession. The choice of a corporate surety rather than self-guaranteeing the obligation is not controlling particularly whereas

here the amount of the obligation is nearly $1,000,000. In our opinion in the instant case the premium was a reasonable expense necessary to preserve appellant's unquestioned security rights in the equipment and, accordingly, should be recoverable under CPLR 8301 (subd. [a], par. 12).

The judgment and order should be modified, on the law and the facts, to allow appellant the $7,407 paid by it in bond premiums as an item of taxable cost, and, as so modified, affirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment and order modified, on the law and the facts, to allow appellant the $7,407 paid by it in bond premiums as an item of taxable cost, and, as so modified, affirmed, with costs.